UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FIRST HORIZON HOME LOAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DONNA M. GILMOR,<br><br>Defendant. | Civil Action No.<br><br>CA 06 113S |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**INTRODUCTION**

First Horizon Home Loan Corporation ("First Horizon" or "Plaintiff") brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 against Donna M. Gilmor ("Defendant" or "Borrower"). On March 25, 2003, Defendant took out a loan from First Horizon to refinance her home mortgage. In a February 22, 2006 letter from counsel, Defendant alleged that she did not receive adequate notice of the right to cancel under the Federal Truth in Lending Act ("TILA") and has demanded that First Horizon rescind the mortgage. First Horizon brings this action in response to the Gilmor rescission demand and requests a judgment from the Court declaring that First Horizon complied with TILA and that Defendant does not have any right to rescind her mortgage.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337 (interstate commerce), § 2201 (declaratory judgment), and 15 U.S.C. § 1601 *et seq.* (Truth in Lending Act).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(1)(a), as Defendant resides in the District, and § 1391(1)(b), as a substantial part of the property that is the subject of the action is situated in the District.

## PARTIES

3. Plaintiff First Horizon is a corporation organized under the laws of the State of Kansas with corporate headquarters located at 4000 Horizon Way, Irving, Texas 75063. It is qualified to do business in the State of Rhode Island. First Horizon is a mortgage lender that provides loans to borrowers throughout the United States.

4. Upon information and belief, Defendant is an individual who resides at 41 Brook Street, Barrington, Rhode Island 02806.

## FACTS

5. On March 25, 2003, Defendant borrowed $202,450.00 from First Horizon to refinance her home mortgage ("Loan"). The Loan was secured by Defendant's principal residence located at 41 Brook Street, Barrington, Rhode Island 02806.

6. During the loan closing on March 25, 2003, First Horizon provided Defendant with clear and conspicuous notice of the right to rescind the loan, as required by the Federal Truth in Lending Act, 15 U.S.C. § 1635 ("TILA"). A copy of the Notice of Right to Cancel provided to Defendant is attached as Exhibit A.

7. In a February 22, 2006 letter from counsel, Defendant alleged that First Horizon did not provide proper notice of the right to rescind and notified First Horizon that she was rescinding the Loan. A copy of Defendant's rescission demand is attached as Exhibit B.

8. First Horizon received Defendant's rescission demand on or about February 22, 2006.

9. TILA provides 20 days for lenders to respond to demands for rescission. 15 U.S.C. 1635(b); 12 C.F.R. 226.23(d)(2).

**COUNT I**

**Declaration that the Allegations in the Rescission Letter do not Give Rise to a Right to Rescind**

10. Paragraphs 1 through 9 are incorporated by reference.

11. Defendant alleges in her rescission demand letter that First Horizon violated the federal Truth in Lending Act, 15 U.S.C. § 1635(b), by not providing "an accurate completed copy of the notice of [Defendant's] right to cancel," and that the violation entitles her to rescind the Loan.

12. TILA requires clear and conspicuous notice of the right to cancel, which the Official Commentary to TILA's implementing regulations defines as disclosures that are "reasonably understandable." 12 C.F.R. § 226, Supp. I, ¶ 17(a)-1.

13. As demonstrated by Exhibit A, First Horizon provided Notice of Right to Cancel forms to Defendant at the March 25, 2003 loan closing.

14. During the closing, Defendant was effectively advised of her right to cancel and was aware of that right.

15. Defendant received clear and conspicuous notice of the right to cancel at the closing on March 25, 2003.

WHEREFORE, First Horizon requests a declaration that it complied with TILA and that it has no obligation to honor Defendant's rescission demand.

**COUNT II**

**Declaration that the Statute of Limitations has Run on Any and All Claims for Damages Under TILA**

16. Paragraphs 1 through 15 are incorporated by reference.

17. 15 U.S.C. § 1640(e) requires that claims for damages must be brought within one year of the date of the occurrence of the alleged violation.

18. Defendant alleges that she failed to receive an accurate disclosure of her right to cancel the Loan, which closed on March 25, 2003.

19. Defendant did not allege that First Horizon violated TILA until February 22, 2006, however, more than 34 months after the closing.

WHEREFORE, First Horizon requests a declaration that the statute of limitations has run on any and all TILA damages claims arising from Defendant's March 25, 2003 Loan with First Horizon.

**COUNT III**

**Declaration Concerning Rescission Remedies and Disposition of Sums and Documents to be Tendered**

20. Paragraphs 1 through 19 are incorporated by reference.

21. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that in response to a valid exercise of the right to rescind a lender must (i) return to the borrower "any money or property given as earnest money, down payment, or otherwise," and (ii) take any action necessary to reflect the termination of the lender's security interest created under the transaction.

22. When a lender has complied with its obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2), the borrower shall tender back to the lender the principal amount provided under the loan transaction in question.

23. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

24. Under the terms of 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23, First Horizon has hereby timely responded to Defendant's demand for rescission.

25. First Horizon is prepared to tender, and will tender upon request from the Court, a Release of Mortgage and any and all money or property which Defendant would be entitled to receive if the rescission demand were ruled to be effective.

26. If the Court should find that Defendant properly exercised a valid right of rescission, First Horizon respectfully requests that the Court, in order to do equity, modify the rescission remedy by requiring Defendant to tender to First Horizon, or to the Court, all sums she must pay under 15 U.S.C. § 1635 *simultaneously* with the release of (i) any funds tendered by First Horizon, and/or (ii) the Release of the Mortgage.

27. In the event of rescission, and in order to do equity, First Horizon further requests that the Court limit the time period for which it would have to return interest payments paid by the Borrower on the Loan to the period *before* the Borrower became aware of her potential claim against First Horizon.

## PRAYER FOR RELIEF

WHEREFORE, First Horizon respectfully requests that this Court enter judgment as follows:

(1) Under Count I, the Court declare that First Horizon complied with TILA and that it has no obligation to honor Defendant's rescission demand because Defendant has no right to rescind the Loan;

(2) Under Count II, the Court declare that the statute of limitations has run on any and all TILA damages claims arising from the March 25, 2003 Loan;

(3) Under Count III, the Court modify any rescission remedy in equity including but not limited to the entry of an order requiring Defendant to tender to First Horizon the principal balance due on the Loan *simultaneously* with the release of (i) any funds tendered by First Horizon, and/or (ii) the Release of the Mortgage; and limit the time period for which First Horizon would have to return interest payments on the Loan to the period *before* Defendant became aware of her potential claim against First Horizon;

(4) Award First Horizon its costs, including a reasonable attorney's fee, and interest on any sums tendered to the Court; and

(5) Award such other and further relief as this Court deems just and appropriate under the circumstances, and to do equity and justice.

Respectfully Submitted,

FIRST HORIZON HOME LOAN
CORPORATION,

By its attorney,

John B. Daukas (R.I. Bar # 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Of Counsel:
Thomas M. Hefferon (BBO # 548289)
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: March 10, 2006

LIBA/1680363.1