**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FIRST HORIZON HOME LOAN CORPORATION, Plaintiff, | ) | Civil Action No. 06-113S |
| v. | ) | |
| DONNA M. GILMOR, Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, Donna M. Gilmor by and through her attorney, Christopher M. Lefebvre hereby answers the Plaintiff's Complaint for Declaratory Judgment. The Answer is made without waiving any, but expressly reserving all rights that Defendant Donna M. Gilmor has to file other responses addressed to some or all of the allegations and claims asserted in the Complaint. The Defendant states that:

1. The Defendant admits the allegations set forth in paragraphs 1, 2, 4, 5, 7, 8, 10, 11, 16, 17, 18, 19, and 24 of the Plaintiff's Complaint.

2. The Defendant denies the allegations set forth in paragraphs 13, 14 and 15 of the Plaintiff's Complaint.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 25 of the Plaintiff's Complaint.

4. The Defendant denies the allegations set forth in the first sentence of paragraph 6 and admits the allegations set forth in the second sentence of paragraph 6 of the Plaintiff's Complaint.

5. The allegations set forth in paragraphs 9, 12, 21, 22, 23, 26 and 27 of the Plaintiff's

Complaint state conclusions of law to which no response is required.

## COUNTERCLAIM OF DEFENDANT

6. The Defendant hereby incorporates ¶¶ 1-5 as if fully set out herein.

7. The Defendant files this counterclaim to seek redress against a predatory subprime mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

8. Plaintiff First Horizon enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

9. Plaintiff First Horizon is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

10. At all times relevant to this action, Plaintiff offered, made and serviced mortgage loans to consumers, directly or through other subsidiaries.

11. Plaintiff targets the "subprime" market, consisting of persons who are considered to be, or perceive themselves to be, greater credit risks than "prime" or "A" customers.

12. On or about March 25, 2003, Defendant obtained a mortgage loan from First Horizon, secured by her residence, for personal, family and household purposes.

13. Because the transaction was secured by Defendant's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions**

**described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

14. Exhibit A attached hereto Defendant's Counterclaim, the "Notice of Right to Cancel", is a standard form regularly used by Plaintiff.

15. The "Notice of Right to Cancel" given to the Defendant contained two separate and distinct provisions under which the transaction could be cancelled. Only one of these provisions applied to the Defendant's loan.

16. Plaintiff failed to denote which of the cancellation provisions applied to the Defendant's loan.

17. As a result, Plaintiff violated TILA with respect to the loan given to the Defendant as it failed to give the Defendant a clear and conspicuous notice of her right to cancel the loan.

18. On February 22, 2006 the Defendant exercised her right to rescission through a letter sent on her behalf which is attached hereto as Exhibit B.

19. Plaintiff failed to honor the Defendant's rescission demand and remove the mortgage lien secured by her residence.

20. 15 U.S.C. §1639(j) provides:

> **Consequence of failure to comply**
>
> **Any mortgage that contains a provision prohibited by this section shall be deemed a failure to deliver the material disclosures required under this title, for the purpose of section 1635 of this title.**

21. 15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, Defendant requests that the Court dismiss the First Horizon complaint and enter a judgment in her favor and against First Horizon on her counterclaim for:

(a) Rescission and statutory damages;
(b) Attorney's fees, litigation expenses and costs;
(c) Such other or further relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
R.I. Bar No. 4019

**CERTIFICATION**

I, the undersigned, hereby certify that a true copy of the within was mailed on March 20, 2006 to:

John B. Daukas
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

# EXHIBIT A

# NOTICE OF RIGHT TO CANCEL

LOAN #: 0041419615

PROPERTY ADDRESS: 41 BROOK STREET
BARRINGTON, RI 02806

1. YOUR RIGHT TO CANCEL
You are entering into a transaction that will result in a mortgage/deed of trust on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last; (1) the date of the transaction, which is 3/25/2003 ; or (2) the date you received your Truth-in-Lending disclosures; or (3) the date which you received this notice of your right to cancel.

______ If you cancel the transaction, the mortgage/deed of trust is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/deed of trust on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

______ If you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage, lien, or security interest we already have on your home. If you cancel the mortgage, lien, or security interest as it applies to the increased amount is also cancelled. Within 20 calendar days after we receive your notice of cancellation of the new transaction, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on your home no longer applies to the increase of credit. We must also return any money you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

2. HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing at:
FIRST HORIZON HOME LOAN CORPORATION
300 METRO CENTER BLVD., STE. 205
WARWICK, RI 02886

You may use any written statement that is signed and dated by you and your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice letter not later than midnight of 3/28/2003 (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

| | | | |
|---|---|---|---|
| Signature | Date | Signature | Date |
| Signature | Date | Signature | Date |

**JOINT OWNERS HAVE THE RIGHT TO RESCIND, AND A RESCISSION BY ONE IS EFFECTIVE FOR ALL.**
RECEIPT
Each of the undersigned acknowledges receipt of 2 copies of this Notice of Right to Cancel.

| | | | |
|---|---|---|---|
| DONNA M GILMOR | Date | | Date |
| | Date | | Date |

CB6D016 (7/01)

# **EXHIBIT B**

*FROM THE OFFICE OF THE*

FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

February 22, 2006

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

First Horizon Home Loan Corp.
300 Metro Center Blvd., Ste. 205
Warwick, RI 02886

Re: **Notice of Rescission by Donna M. Gilmor, 41 Brook Street, Barrington, RI 02806, Loan Number: 0041419615, Closing Date 03/25/2003.**

To Whom It May Concern:

I represent Donna M. Gilmor concerning the loan transaction she entered into with First Horizon Home Loan Corporation on March 25, 2003, in which she subsequently became obligated on a mortgage. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that the Ms. Gilmor was not provided with an accurate completed copy of the notice of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by First Horizon Home Loan Corp. on Ms. Gilmor's property located at 41 Brook Street, Barrington, RI, is void as of this rescission. Pursuant to Regulation Z, you have twenty (20) days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Donna M. Gilmor
By her Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

c/c: Donna M. Gilmor