UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FIRST HORIZON HOME LOAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DONNA M. GILMOR,<br><br>Defendant. | Civil Action No. 06-113S<br><br>**Reply to Counterclaim** |

**PLAINTIFF FIRST HORIZON HOME LOAN CORPORATION'S REPLY TO DEFENDANT'S COUNTERCLAIM**

Plaintiff First Horizon Home Loan Corporation ("First Horizon") hereby replies to Defendant's Counterclaim:

1. Paragraph 1 responds to First Horizon's Complaint and requires no response.

2. Paragraph 2 responds to First Horizon's Complaint and requires no response.

3. Paragraph 3 responds to First Horizon's Complaint and requires no response.

4. Paragraph 4 responds to First Horizon's Complaint and requires no response.

5. Paragraph 5 responds to First Horizon's Complaint and requires no response.

**COUNTERCLAIM OF DEFENDANT**

6. First Horizon incorporates its answers to paragraphs 1-5.

7. First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore leaves Defendant to her proof.

8. First Horizon admits the allegations in paragraph 8.

9. The allegations in paragraph 9 are conclusions of law that require no response.

10. First Horizon admits that it is in the business of offering and servicing mortgage loans to consumers directly or through other subsidiaries and denies any remaining allegations contained in paragraph 10.

11. First Horizon admits that it originates mortgages to borrowers who have a variety of different credit profiles and denies any remaining allegations contained in paragraph 11.

12. First Horizon admits that Defendant obtained a loan from First Horizon on or about March 25, 2003 and denies any remaining allegations contained in paragraph 12.

13. The allegations in paragraph 13 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations contained in paragraph 13.

14. First Horizon responds that the document speaks for itself and denies any remaining allegations contained in paragraph 14.

15. First Horizon responds that the document speaks for itself and denies any remaining allegations contained in paragraph 15.

16. First Horizon responds that the document speaks for itself and denies any remaining allegations contained in paragraph 16.

17. First Horizon denies the allegations contained in paragraph 17.

18. First Horizon admits that it received a letter from the Defendant indicating a desire to rescind, but denies that the letter comported with the requirements for requesting rescission and denies the remaining allegations of paragraph 18.

19. First Horizon admits that Defendant's loan has not been rescinded. First Horizon denies any remaining allegations contained in Paragraph 19.

20. The allegations in paragraph 20 are conclusions of law that require no response.

21. The allegations in paragraph 21 are conclusions of law that require no response.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that First Horizon has not been properly served, First Horizon raises the defense of insufficient service of process.

### SECOND DEFENSE

Defendant's claims have been waived, in whole or in part.

### THIRD DEFENSE

Defendant's claims are barred, in whole or in part, as a result of the acts of third parties over whom First Horizon had no control and is not responsible.

### FOURTH DEFENSE

First Horizon is not responsible for the acts and liabilities of third parties over whom First Horizon had no control.

### FIFTH DEFENSE

Defendant's TILA claim is barred or limited by the several defenses available under TILA, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640, and the good faith compliance defense under 15 U.S.C. §1640.

SIXTH DEFENSE

Defendant's demand for rescission is inequitable and First Horizon asks that the rescission procedures, if ordered, be modified as set forth in First Horizon's Complaint.

SEVENTH DEFENSE

Defendant's Counterclaim fails to join necessary parties in violation of Fed. R. Civ. P. 19.

EIGHTH DEFENSE

Defendant's Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

NINTH DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

TENTH DEFENSE

Defendant's Counterclaim is barred, in whole or in part, because her own negligence proximately caused her injuries.

ELEVENTH DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

TWELFTH DEFENSE

First Horizon hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

WHEREFORE, First Horizon demands that judgment be entered against Defendant and in favor of First Horizon on all claims and prayers for relief herein; and First Horizon demands its reasonable costs, including attorneys' fees, expended in defense of this action; and First Horizon seeks such other and further relief as may be appropriate and just.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,
By its attorney,

John B. Daukas (R.I. Bar # 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Of Counsel:
Thomas M. Hefferon (BBO # 548289)
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: April 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above ***Plaintiff First Horizon Home Loan Corporation's Reply to Defendant's Counterclaim*** was served upon all counsel of record for the defendant by certified first class mail, postage pre-paid, on this 12th day of April, 2006.

John B. Daukas