**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FIRST HORIZON HOME LOAN CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>DONNA GILMOR,<br><br>Defendant. | ) | C.A. No. 06-113S |

**DEFENDANT'S UNOPPOSED MOTION TO REMOVE THE MATTER FROM THE TRIAL CALENDAR**

Now comes the Defendant in the above entitled matter and requests that the Court remove this case from the trial calendar. The matter is presently scheduled for the trial calendar call for this Tuesday January 23, 2007. The undersigned previously requested a brief continuance on behalf of the Defendant due to her unavailability from a dog mauling incident which resulted in hospitalization and extensive physical therapy. At the present time, the Defendant has made significant recovery though she still suffers from neurological complications form the incident. During the last 30 days, the parties have engaged in settlement negotiations in an attempt to resolve the case short of trial. During this process, the Defendant was requested to complete and provide certain documentation to the Plaintiff. Due to her illness however, there was some delay in getting the data to the Plaintiff. However at this point documentation has been provided and the parties are somewhat confident that the matter will be settled and that a dismissal stipulation will be filed with this Court within the 30 days.

If settlement is not consummated within the time line referenced above, the Defendant

believes that the legal issues raised in this consumer dispute will be ripe for disposition via summary judgment. Since the filing of this case, the First Circuit has clarified that in determining compliance of TILA disclosures an objective rather than subjective viewpoint is utilized. See .Palmer v. Champion Mortgage, --F.3d--,2006 WL 2789231, (1st Cir. September 29, 2006). The Defendant has already been deposed and there are no disputes regarding the content of the rescission notice alleged to be received by the Defendant at the time of closing. Accordingly the matter is ripe for adjudication via summary judgement on the issue of whether the rescission form complies with the TILA and the accompanying rescission remedies available to Defendant. If settlement is not consummated, the Defendant will be filing a Motion For Summary Judgement ( subject of course to the Court allowing this belated request) within the requested 30 day requested extension.

**WHEREFORE,** Defendant prays that her motion be granted and that the matter be removed form the trial calendar, that the Court schedule a deadline of 30 days for the filing of either a dismissal stipulation and or motion(s) for summary.

Respectfully submitted,

/s/Christopher M. Lefebvre, # 4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**CERTIFICATION**

I hereby certify that on January 22, 2006, I electronically filed a Defendant's Unopposed Motion to Remove Matter From Trial Calendar with the Clerk of the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: John B. Daukas; and I hereby certify that I have emailed , the document to the following non CM/ECF participants: Gwyn Williams and Michael Strapp, at GOODWIN PROCTER LLP, Exchange Place, Boston, MA 02109.

/s/Christopher M. Lefebvre