**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **FIRST HORIZON HOME LOAN CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-113S** |
| **v.** | ) | |
| | ) | |
| **DONNA M. GILMOR,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

## I. NATURE OF THE CASE:

This is not the usual Truth in Lending case that this Court generally reviews. Here, in response to a request to rescind a mortgage transaction, the lender, First Horizon Home Loan Corporation ("First Horizon"), instituted an action, seeking declaratory relief that the borrower, Defendant Donna M. Gilmor, could not rescind her loan. In many cases the parties disagree regarding both the content and delivery of one of the material disclosures giving rise to the rescission claim. In this case, the critical document which gives rise to the rescission demand was attached to the complaint filed by the Plaintiff and the Defendant does not dispute it's content nor deny receiving it. Accordingly, this situation is picture perfect for disposition via summary judgment.

## II. UNDISPUTED FACTS:

On March 25, 2003 Ms. Gilmor entered into a refinancing transaction with First Horizon involving her principle residence. The loan was one for personal, family and household purposes and First Horizon documented the loan as one being subject to the TILA. Ms. Gilmor gave notice

of her election to rescind on February 22, 2006. First Horizon immediately thereafter filed suit seeking declaratory relief. First Horizon attached to its Complaint for Declaratory Relief a copy of the Notice of Right to Cancel ( "Notice") which it delivered to Ms. Gilmor at the refinancing. First Horizon also attached the rescission letter sent on behalf of Ms. Gilmor on February 22, 2006. Defendant timely filed an answer and asserted a counterclaim requesting rescission of the transaction asserting that the Notice was defective because it contained two options regarding her right to cancel but failed to identify which of these options actually applied to her transaction. First Horizon ( as of the filing of this pleading) has not honored or recognized the validity of the February 22, 2006 rescission demand referenced above.

The Notice attached to the Complaint contains two separate and distinct provisions regarding cancellation( rescission) of the transaction; one involving a refinance with the same prior lender and the other involving a refinance with a totally different lender. However, neither of the two available rescission provisions were checked on the Notice. Defendant now moves for summary judgment, seeking an affirmative ruling from this Court that the Notice delivered by First Horizon was defective under the Truth in Lending Act (" TILA") and therefore the extended, three-year right to cancel applies to the refinance transaction referenced herein..

## III. SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Hunt v. Cromartie, 526 U.S.541, 549 119 S. Ct. 1545, 1550, 143 L. Ed. 2d 731 (1999) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986) and

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2502 (1986)); Dawn Equip. Co. v. Micro-Trak Systems, Inc., 186 F.3d 981, 986 (7th Cir. 1999); Johnny Blastoff, Inc. v. Los Angeles Rams Football Co., 188 F.3d 427, 433 (7th Cir. 1999).

TILA cases are often suited for summary judgment because they turn on the sufficiency of disclosure documents. Rodash v. AIB Mortgage Co., 108 F.3d 1325 (11th Cir. 1997). The borrower need not show reliance or injury to establish liability for statutory damages under TILA. Belini v. Washington Mutual Bank, F.A., 412 F.3d 17, 20 ( 1st Cir. 2005); Brown v. Marquette S. & L. Ass'n, 686 F.2d 608, 614 (7th Cir. 1982); Wright v. Tower Loan of Mississippi, 679 F.2d 436, 445 (5th Cir. 1982); In re Steinbrecher, 110 B.R. 155, 161 (Bankr. E.D.Pa. 1990); Shepeard v. Quality Siding & Window Factory, Inc., 730 F.Supp. 1295, 1299 (D.Del. 1990); In re Russell, 72 B.R. 855 (Bankr. E.D.Pa. 1987); Equity Plus Consumer Finance & Mortgage Co. v. Howes, 116 N.M. 151, 861 P.2d 214, 216 (1993). Similarly, the statute imposes strict liability on the lender, without regard to whether the failure to comply was intentional or negligent. In re Steinbrecher, supra, 110 B.R. at 161 (TILA imposes "strict liability"); Leathers v. Peoria Toyota-Volvo, supra, 824 F.Supp. at 157 ("strict liability" imposed). In determining TILA compliance, the Court must focus it's inquiry "on the text of the disclosures themselves rather than on plaintiffs' descriptions of their subjective understandings." Palmer v. Champion Mortgage, --F.3d--,2006 WL 2789231 (1st Cir. September 29, 2006).

## IV. THE TRUTH IN LENDING ACT

### A. The Truth in Lending Act

For homeowners who use their homes to secure credit for purposes other than the acquisition of the home, TILA provides a right to rescind the loan transaction for three days after it takes place.

*See* 15 U.S.C. § 1635(a)(3). Enacted in 1986, 15 U.S.C. 1601, et seq. was adopted with the broad purpose of promoting the informed use of credit by guaranteeing that consumers received meaningful disclosures regarding the terms of the credit. The goal of TILA is to level the playing field between consumers and creditors by enabling consumers to make informed decisions about the cost of credit before agreeing to it. Additionally, TILA seeks to obviate inaccurate and unfair credit practices. Id.

As the United States Supreme Court has held, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights . . ." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S.Ct. 1408, 1410 (1998). In addressing the proper deference to be accorded to the federal agency promulgating the regulations interpreting the statute, the Supreme Court has stated "Congress has specifically designated the Federal Reserve Board and staff as the primary source for interpretation and application of truth-in-lending law. . .judges ought to refrain from substituting their own interstitial lawmaking for that of the Federal Reserve, so long as the latter's lawmaking is not irrational." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555,100 S.Ct. 790 (1980). Accord, Belini v. Wash. Mutual Bank FA, 412 F.3d 17, 20 (1st Cir. 2005)("Several agencies have administrative authority under TILA, but the relevant implementing agency for our purposes is the Federal Reserve, which has promulgated a set of regulations (Regulation Z) in this area."). The TILA is intended "to balance scales thought to be weighed in favor of lenders and is thus to be liberally construed in favor of borrowers." Bizier v. Globe Fin. Servs., Inc., 654 F.2d 1, 2 (1st Cir.1981).

Congress delegated broad authority to the Federal Reserve Board (FRB) to promulgate rules and regulations to carry out the goals of TILA. 15 U.S.C. § 1604(a). The FRB did just that by

implementing a comprehensive set of rules known as Regulation Z. Regulation Z is a more thorough statement of TILA. In turn, the Board of Governors of the Federal Reserve Board has issued authoritative interpretations of TILA and Regulation Z. Collectively, TILA, Regulation Z, and the Official Commentary to Regulation Z comprise a body of law that protects consumers in credit transactions. *See generally*, Truth in Lending, The Consumer Credit and Sales Legal Practice Series, NCLC, (6th Ed. 2001).

**B. Relevant Sections of TILA and Regulation Z**

TILA requires the creditor to "clearly and conspicuously" disclose the rescission right on a separate document identifying the transaction, how the borrower can exercise the right, and what the effects are of exercising the right. 12 C.F.R. § 226.23(a)(4)(b)(1); Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 (1980). If the creditor fails to deliver to the consumer proper notice of the right to rescind or any other material disclosure, the consumer's right to rescind automatically extends from three business days to three years. 12 C.F.R. § 226.23(a)(3). Belini v. Washington Mutual Bank, F.A., 412 F.3d 17, 20 ( 1st Cir. 2005). "Congress created the statutory right of rescission and required clear disclosure of that right because it thought that borrowers who take out consumer loans should have the chance to rethink those transactions if the titles to their homes will be put at risk." In re Porter, 961 F.2d 1066, 1078 (3d Cir.1992).

**V. FIRST HORIZON'S NOTICE VIOLATED TILA**

Under TILA, there are two basic forms of the Notice of Right to Cancel, the H-8 and H-9. If the borrower refinances **with the same creditor**, there is a limited right to cancel applicable to any new funds provided. 15 U.S.C. § 1635(e)(2). The applicable form is the H-9. If the borrower refinances with a different creditor, the full right to cancel the entire transaction applies. The form

to be used in this situation is the H-8.

Here, Ms. Gilmore did not have a prior mortgage with First Horizon and therefore is considered to have refinanced with a completely new lender and was entitled to the full right to cancel as outlined in the H-8 form. Instead, First Horizon furnished Defendant with a hybrid Notice that combined ***both*** the H-8 and H-9 options, without checking off the applicability of either provision. This failure violates Regulation Z and the TILA and entitles Ms. Gilmor to the extended right of rescission.

Use of an inaccurate or confusing "notice of right to cancel" form on a refinancing gives rise to the automatic three-year right to cancel with all payments applied to principal. The identical legal issue presented in this case was addressed in In re Stanley, 315 B.R. 602 (Bankr. D.Kan. 2004). In Stanley, the Court clearly outlined the issue and applied the TILA and Reg. Z finding that an extended right to rescind was warranted stating that:

> This Court concludes, however, that the fourth disclosure requirement, that the notice disclose the effects of rescission, is not clearly or conspicuously discernable in the form provided to the plaintiff. In the present case, it appears the defendant chose to provide two alternate paragraphs to describe the effects of rescinding either refinancing an existing loan or entering into a new loan transaction. The paragraphs, set forth below, have boxes that when checked designate different types of transaction:
>
> > ( ) New Loan: You are entering into a transaction that will result in a mortgage, lien or security interest on your home. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this transaction, the mortgage, lien or security interest is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on your home has been canceled and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.
> >
> > ( ) Refinancing Existing Loan: You are entering into a new transaction to increase the amount of credit previously provided to you by us. Your home

> is the security for this new transaction. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is already the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

> The form provided to the plaintiff had neither paragraph marked. While the defendant's contention may be accurate that upon close scrutiny the disclosure form provides all of the information required by Regulation Z § 226.23(b), both the TILA and Regulation Z require clear and conspicuous disclosure. Clarity is a function of whether the notice is subject to more than one plausible or sensible interpretation. If the notice is subject to two or more sensible readings, and different results ensue depending upon which of the two readings is adopted, the creditor has not provided the consumer with "clear notice of what [the] right to rescind entail[s]." This Court concludes that the defendant's incomplete form cannot be clear and conspicuous disclosure because two different outcomes may result from the selection of the different unmarked paragraphs. If the first paragraph is marked, the borrower is instructed that upon rescission the entire security interest resulting from the Transaction is cancelled. If the second paragraph is marked indicating the refinancing of an existing loan, the borrower is instructed that canceling the Transaction will not affect any amount that he presently owes because his home is already the security for that amount. These are two distinct, sensible readings that yield different results, and cannot be considered clear notice of what the right to rescind entails when read together.

Id. at 612.

*See also,* Gibbons v. Interbank Funding Group, 208 F.R.D. 278 (N.D.Cal. 2002)(delivery of H-9 instead of H-8 notice did not satisfy TILA); In re Botelho, 195 B.R. 558 (Bankr. D.Mass. 1996)(same); In re Porter, 961 F.2d 1066 (3d Cir. 1992)(where the Third Circuit noted that "the H-9 crucially differs from the H-8 in that it spells out that the borrower has the right to cancel the new transaction to the extent of the increase in the amount of credit, but that such cancellation will not affect the amount that the borrower already owes or the lender's existing security interest.").

In addressing a similar violation of the TILA, the Seventh Circuit recently observed:

> Although we are sympathetic to the district court's common-sense observation that "had Mrs. Handy wanted to rescind and looked at her closing documents and found either of [the H-8 or H-9] forms, either one of them would have led her to rescind[ ]," we nevertheless conclude that Anchor's simultaneous provision of both a Form H-8 and a Form H-9 did not meet TILA's clear and conspicuous disclosure requirement, especially with regard to the "effects of rescission." TILA does not easily forgive "technical" errors....**Where more than one reading of a rescission form is "plausible," the form does not provide the borrower "with a clear notice of what her right to rescind entail[s**]." (citations omitted)( emphasis provided).

Handy v. Anchor Mortg. Corp., --F.3d-- ,2006 WL 2788500 at *4 (7th Cir. Sept. 29, 2006).

## VI. CONCLUSION:

The Notice received by the Defendant was per se defective in violation of Regulation Z and the TILA and according Ms. Gilmore was entitled to exercise her extended right to rescind the transaction. The issue of the imposition of both statutory and actual damages and attorneys fees should be addressed at a later date after the Court rules on the liability issue referenced herein.

Respectfully submitted,

________________________________

/s/Christopher M. Lefebvre #4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I, the undersigned, hereby certify that a true and accurate copy of the within Memorandum in Support of Summary Judgment will be received by Plaintiff's counsel of record, John B. Daukas, Esq. via the Court's CMECF Electronic filing system on February 28, 2007.

/s/Christopher M. Lefebvre