**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **FIRST HORIZON HOME LOAN CORPORATION,** **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-113S** |
| **v.** | ) | |
| **DONNA M. GILMOR,** **Defendant.** | ) | |

**<u>DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

Defendant Donna M. Gilmor submits the following Statement of Material Facts pursuant to Local Rule 56.1 in connection with the filing of her Motion for Summary Judgment.

1. This Court has jurisdiction under 15 U.S.C. §1640 and 28 U.S.C. §§1331, 1337, in that the complaint seeks relief under the Truth in Lending Act.

2. Defendant Donna M. Gilmor, is an individual who resides in a home which she owns at 41 Brook Street, Barrington, RI.

3. Plaintiff First Horizon Home Loan Corporation ("First Horizon ") is the holder and owner of the mortgage secured by Defendant's residence which is the subject of this lawsuit.

4. On March 25, 2003 Ms. Gilmor entered into a refinance transaction with First Horizon, secured by her residence, for personal, family and household purposes.

5. First Horizon documented the refinance transaction referenced above as one subject to the provisions of the Federal Truth in Lending Act.

6. In it's Complaint for Declaratory Relief, First Horizon attached the "Notice

of Right to Cancel" purportedly delivered to Ms. Gilmor at the closing on March 25, 2003.

7. The "Notice of Right to Cancel" attached to the Complaint contains two separate and distinct provisions under which the transaction could be cancelled; one involving a refinance transaction with the same prior lender and the other involving a refinance with a different lender.

8. The "Notice of Right to Cancel" attached to the Complaint contained a line for the closing agent to designate which provision regarding rescission applied to Ms. Gilmore's transaction.

9. The copy of the Notice of Right to Cancel given to Ms. Gilmore at the time of the refinancing transaction with First Horizon did not contain any such designation.

10. Ms. Gilmor gave notice of her election to rescind on February 22, 2006.

11. First Horizon ( as of the filing of this pleading) has not honored or recognized the validity of the February 22, 2006 rescission demand referenced above.

Respectfully submitted,

/s/Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
R.I. Bar No. 4019

**CERTIFICATION**

I, the undersigned, hereby certify that a true and accurate copy of the within Statement of Material Facts will be received by Plaintiff's counsel of record, John B. Daukas, Esq. via the Court's CMECF Electronic filing system on February 28, 2007.

/s/Christopher M. Lefebvre